IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROLE DUDLEY,<br>Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO. 18-CV-5110 |
| EDWARD FOY, et al.,<br>Defendants. | : <br> : | |

**MEMORANDUM**

JONES, J. II

FILED
DEC 07 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk
December 6, 2018

*Pro se* Plaintiff Carole Dudley filed this civil action against Edward Foy, Gale Power, Dian Shmit, and Charle Button. (ECF No. 2.) She has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Dudley leave to proceed *in forma pauperis* and dismiss her Complaint.

**I. FACTS**

Dudley's Complaint is confusing and difficult to understand because of the way it is pled. Dudley states that she is bringing a claim against all the Defendants "regarding stolen money from [her] mail, PO Box at 30 Street post office and bank police, fire, from apartment." (Compl. at 6.)[1] Dudley states that this began in July of 2013. (*Id.*) She mentions that she has "no place to live" and that her landlord "stole [her] money." (*Id.*) Dudley also mentions living in the street. (*Id.*) As relief, she appears to seek the return of several stolen properties, and includes a list of the properties she believes were stolen. (*Id.* at 7, 10.)

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

ENT'D DEC 10 2018

## II.     STANDARD OF REVIEW

The Court will grant Dudley leave to proceed *in forma pauperis* because it appears that she may not be capable of paying the fees necessary to commence this action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the Complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Dudley is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[2] Although Dudley's Motion for Leave to Proceed *In Forma Pauperis* suggests that she is owed $18 million, that allegation appears fanciful. (Mot. to Proceed *In Forma Pauperis* at 3.) It is not entirely clear how Dudley supports herself; however, her Motion suggests that she is relying on public assistance and, therefore, that she may not be capable of paying the fees to commence this civil action.

2

## III. DISCUSSION

At the outset, Dudley's allegations regarding stolen properties appear fanciful and based on irrational thoughts. Dudley suggests that several properties in the city have been stolen from her. These allegations rise to the level of factually frivolous and can be dismissed on that basis.

To the extent Dudley is raising claims that are not based on irrational or fanciful allegations, her claims fail. Dudley used this Court's form Complaint for non-incarcerated individuals wishing to file a civil action, but did not indicate whether she is invoking this Court's federal question jurisdiction or its diversity jurisdiction. In any event, Dudley has not pled a basis for a federal claim. If Dudley is asserting civil rights claims pursuant to 42 U.S.C. § 1983, nothing in the Complaint suggests that the Defendants are state actors and that they deprived Dudley "of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *see also West v. Atkins*, 487 U.S. 42, 48 (1988). In any event, if Dudley is trying to bring claims seeking the prosecution of the Defendants (or others) for stealing her money and properties, her claims are not cognizable.[3] *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). While the Court is sympathetic if Dudley was the victim of a crime, the Complaint, as pled, fails to allege a basis for federal question jurisdiction.

To the extent Dudley intended to bring tort claims under Pennsylvania law, there is no basis for jurisdiction over those claims. The only independent basis for the Court's jurisdiction over state law claims is pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction

---

[3] If Dudley believes she was the victim of a crime, she may report that information to the appropriate officials.

3

over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Diversity jurisdiction requires "complete diversity," which in turn requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Here, the Complaint suggests that the parties are not completely diverse. Accordingly, the Court must dismiss any state claims for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court grant Dudley leave to proceed *in forma pauperis* and dismiss her Complaint. Because it appears that Dudley cannot cure the defects noted above, she will not be permitted to file an amended complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Dudley's Motion (ECF No. 3) will be denied. An appropriate Order follows.

BY THE COURT:

C. DARNELL JONES, II, J.